## Case No. 7,789.

### KING v. FEARSON.

[3 Cranch, C. C. 255.][1]

Circuit Court, District of Columbia. Dec. Term, 1827.

#### TROVER.

Trover against the owner, will not lie by a bailiff who distrains goods for rent, and leaves them on the premises of the owner, who takes them away.

Trover for cord-wood, which had been distrained by the plaintiff [Edward B. King], as bailiff of the Bank of Columbia, for rent due to the bank, and left upon the premises, namely, on the defendant's wharf, and removed by the defendant [Samuel S. Fearson].

Upon the trial at May term, 1827, R. P. Dunlop, for the defendant, objected that trover would not lie against the general owner, by a bailiff who has distrained the goods for rent; and cited 2 Wheat. Selw. N. P. 1055. The bailiff has no property in the goods or such right of possession as will maintain trover against the general owner. Bradb. Dis. 1, 13, 223.

J. Dunlop, contra, that the right of possession was sufficient to maintain trover, cited 2 Saund. 47, note a; Cross v. Glode, 2 Esp. 575.

THE COURT with some hesitation overruled the objection, but intimated that if the verdict should be against the defendant, they would hear a motion for a new trial.

Verdict for the plaintiff, $75.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Upon the motion for a new trial, R. P. Dunlop cited 6 Bac. Abr. tit. "Trover," E; Starkie, Ev. pt. 4, p. 1482.

J. Dunlop, contra, cited Wilbraham v. Snow, 1 Vent. 52.

CRANCH, Chief Judge, delivered the opinion of the court (THRUSTON, Circuit Judge, absent).

In 2 Wheat. Selw. N. P. 1055b, it is said that trover will lie by a sheriff against a person who takes away goods, which have been seized by the sheriff in execution, before they are sold. Wilbraham v. Snow, 2 Saund. 47; Barker v. Miller, 6 Johns. 195. But a landlord who has distrained goods cannot maintain trover for them; for he had, at common law, a power to detain the goods as a pledge only, and although, by statute, he is authorized to sell, yet he has not any property. Moneux v. Goreham, 2 Selw. N. P. 1335. And it is stated in 2 Wheat. Selw. N. P. 1050, and Starkie, Ev. pt. 4, p. 1481, that property, either absolute or special, is necessary to maintain trover. Possession, with claim of property, is primâ facie evidence of property against a stranger having no color of right (2 Wheat. Selw. N. P. 1056,) but neither possession nor special property will maintain trover against the general owner. Starkie, Ev. pt. 4, pp. 1482, 1488; Holliday v. Camsell. 1 Term R. 658. We are therefore of opinion that a new trial ought to be granted, or a non-pros entered.